IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORBERT A. SCHUELLER,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 16-01287 SCY/WPL

COUNTY OF VALENCIA, a political subdivision
of the State of New Mexico, THE BOARD OF
COUNTY COMMISIONERS OF VALENCIA
COUNTY, WAYNE GALLEGOS, and
DIANE EATON,

    Defendants.

## **MEMORANDUM AND OPINION ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Remand (Doc. 15).[1] In the Motion, Plaintiff asserts three bases for remanding this lawsuit back to state court. Because the Court agrees with Plaintiff that not all Defendants timely or properly consented to removal, the Court concludes that removal was procedurally defective and this case must be remanded. The Court accordingly GRANTS the Motion.

**BACKGROUND**

Plaintiff filed his Complaint in New Mexico State District Court on October 24, 2016. Doc. 1-2. In his Complaint, Plaintiff alleges that he is an active member of the Valencia County Older Americans Program (VCOAP). Doc. 1-2 at ¶ 3. Plaintiff alleges that Defendant Wayne Gallegos served as a city councilor for the City of Belen and as Belen's representative to the

---

[1] Plaintiff initially filed Objections to Removal to Federal Court (Doc. 14). Defendants responded to Plaintiff's objections (Doc. 19) and Plaintiff filed a reply (Doc. 20). The Court has reviewed these documents, which contain arguments similar to those presented in briefing on Plaintiff's Motion to Remand. The similarity in briefing makes it unnecessary for the Court to separately consider the Objections to Removal briefing in its determination of the present issue.

VCOAP. Doc. 1-2 ¶ 5. Plaintiff further alleges that Defendant Diane Eaton is the current director of VCOAP and is the spouse of the chairman of the Valencia County Board of County Commissioners. Doc. 1-2 ¶ 6.

Broadly speaking, Plaintiff alleges that in his role as member representative of the Belen Senior Center he attends meetings of the VCOAP Advisory Council to appraise the VCOAP of issues affecting the senior citizens he represents. Doc. 1-2 ¶ 7. Plaintiff alleges that in doing so, he raised concerns critical of Defendant Eaton. Doc 1-2 ¶ 7. Plaintiff alleges that various Defendants violated his First Amendment right to free speech in response to his criticism of Defendant Eaton. In Count I, Plaintiff claims that Defendant Wayne Gallegos, in his role as VCOAP Advisory Council chairman, "willfully and maliciously" refused to allow Plaintiff to present his concerns regarding Defendant Eaton. Doc. 1-2 ¶ 7. In Count II, Plaintiff claims that Defendant Eaton disrupted Plaintiff's pinochle game by moving various items of filing cabinetry into the room used by the group. Doc. 1-2 ¶ 9. Ultimately, Defendant Eaton turned the room into file storage and locked the group out of the room. Doc. 1-2 ¶ 9. Plaintiff claims these actions were taken as a result of Plaintiff's criticism of her leadership.

In addition to his claims under the First Amendment, Plaintiff filed claims for Harassment and Retaliation (Count III) and Intentional Infliction of Emotional Distress (Count VI). Plaintiff further requests punitive damages (Count VII) against Defendants Gallegos and Eaton, and for equitable relief to prevent further actions by Defendant Eaton (Count VIII). Count III is based, in part, on Defendant Eaton's alleged acts of disrupting Plaintiff's regularly scheduled pinochle games and preventing access to certain areas of the Belen Senior Center. Doc. 1-2, ¶ 13. However, Plaintiff further claims under Count III that Defendant Eaton has acted contrary to the Older Americans Act of 1965, 42 U.S.C. § 3030e by failing to provide hot meals

as well as other nutritionally sufficient meals.  Doc. 1-2 ¶¶ 15-23.  Under Count VI, Plaintiff claims that Defendant Eaton's actions in the aggregate have caused him severe emotional distress. Doc. 1-2 ¶¶ 24-27.

Plaintiff served Defendants on October 26, 2016. Doc. 1-3, 9-18. On November 23, 2016, Defendants Board of County Commissioners of Valencia County, County of Valencia, and Diane Eaton removed the case to this Court. Doc. 1.  The Notice of Removal represents that "[a]ll defendants who have served consent to this removal." Doc. 1 ¶ 10.  The Notice of Removal is signed by attorney Daniel Macke. However, at the time of removal, Mr. Macke served only as counsel for the three Defendants indicated above, not Defendant Gallegos. Doc. 1 at 3. Subsequently, on December 2, 2016, Mr. Macke entered an appearance on behalf of Defendant Gallegos and filed an amended answer on behalf of all Defendants.  Docs. 9, 10.

**ANALYSIS**

Plaintiff contends that this case should be remanded on a number of bases. First, Plaintiff contends that there is concurrent jurisdiction between state and federal courts over Plaintiff's claims. Doc. 15 at 2. Second, Plaintiff contends that his choice of forum should not be disturbed pursuant to the doctrine of *forum non conveniens*. Doc. 15 at 2. Finally, Plaintiff contends that the removal was incomplete because claims against Defendant Gallegos remained in state court and this created a multiplicity of suits. Doc. 15 at 2. On this point, the Court understands Plaintiff to be contending that the removal was procedurally deficient because Defendant Gallegos did not affirmatively consent to removal. Because the Court agrees with Plaintiff's third point, it will not consider Plaintiff's other arguments.

The procedures for removal are contained in 28 U.S.C. § 1446.  Pursuant to the statute, a defendant must remove a case within thirty days after receipt of a copy of the initial pleading or

service of summons, whichever period is shorter. *See* § 1446(b). "When there are multiple defendants, generally all must consent to join in the notice of removal in order for it to be effective." *Brady v. Lovelace Health Plan*, 504 F.Supp.2d 1170, 1172 (D.N.M. 2007); *see also Henderson v. Holmes*, 920 F.Supp. 1184, 1186 (D. Kan. 1996) ("A petition [notice] for removal fails unless all defendants join in." (internal citation omitted)); *State Farm Fire and Cas. Co. v. Dunn-Edwards Corp.*, 728 F.Supp.2d 1273, 1275 (D. N.M. 2010) ("A valid removal requires the consent of all served defendants."). "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady*, 504 F.Supp.2d at 1172-73; *see also Henderson*, 920 F.Supp. at 1186 ("The failure to join all proper defendants renders the removal petition procedurally defective."); *Vasquez v. Americano U.S.A., LLC*, 536 F.Supp.2d 1253, 1257-58 (D.N.M. 2008) ("Where there are multiple defendants, **all** defendants served at the time of filing must join in the notice of removal….It is well established that a notice of removal fails if this procedural requirement is not met."). This is referred to as the unanimity rule. "When fewer than all of the defendants have joined in a removal action, the removing party has the burden under 28 U.S.C. § 1446 to explain affirmatively the absence of any co-defendants in the notice of removal." *Brady*, 504 F.Supp.2d at 1173.

Although all defendants are required to join in removal, not all defendants are required to sign the same notice of removal. *See Vasquez*, 536 F.Supp.2d at 1258 ("Defendants are not required to sign the same notice of removal"); *Jarvis v. FHP of Utah, Inc.*, 874 F.Supp. 1253, 1254 (D. Utah 1995) ("The rule of unanimity, as it is now known, does not require that all of the defendants sign the notice of removal" (internal citation omitted)). "Instead, each defendant must independently and unambiguously file notice of its consent to join in the removal within the

thirty-day period." *Id.*; *see also State Farm*, 728 F.Supp.2d at 1275 ("The unanimity rule requires all served defendants to assure the court—generally by joining in the removal itself, filing their notice of removal, or filing a notice of consent—that they consent to removal."); *Jarvis*, 874 F.Supp. at 1254 ("[the rule of unanimity] does require that each defendant officially and unambiguously consent to a removal petition filed by another defendant, within thirty days of receiving the complaint."); *Henderson*, 920 F.Supp. at 1187 ("Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period."). "To join a motion [or notice of removal] is to support it in writing." *Henderson*, 920 F.Supp. at 1186 (internal quotation marks and citation omitted). Accordingly, "[t]here must be a timely filed written indication from each served defendant, or from some person purporting to formally act on his/her behalf and with the authority to do so, that he/she has actually consented to removal." *Todd v. DSN Dealer Service Network, Inc.*, 861 F.Supp. 1531, 1535 (D. Kan. 1994).

Upon review of the docket in this case, the Court concludes that Defendant Gallegos failed to timely and properly consent to removal of this action. The Notice of Removal represented that "[a]ll defendants who have been served consent to this removal." At the time of this representation, all defendants, including Defendant Gallegos had been served. However, as discussed above, the Notice of Removal, filed on November 23, 2016, was signed by attorney Daniel Macke on behalf of Defendants Valencia County, the Board of County Commissioners of Valencia County, and Diane Eaton. Indeed, Mr. Macke did not enter an appearance on behalf of Defendant Gallegos, and thereby gain authority to represent that Defendant Gallegos consented to removal, until December 2, 2016. In such circumstances, Mr. Macke's representation that all defendants who had been served consented to removal is insufficient to indicate an independent

5

and unambiguous consent to removal on behalf of Defendant Gallegos. *See Vasquez*, 536 F.Supp.2d at 1258 ("It is insufficient for the removing defendant, in its notice of removal, to represent that all other defendants consent to removal."); *Todd*, 861 F.Supp. at 1535 ("There must be a timely filed written indication from each served defendant, or from some person purporting to formally act on his/her behalf and with the authority to do so, that he/she has actually consented to removal.").

Furthermore, any subsequent actions by Defendant Gallegos in the case do not evidence timely or proper consent to removal. First, as noted above, Mr. Macke did not enter an appearance on behalf of Defendant Gallegos until December 2, 2016. Since Defendant Gallegos was served on October 26, 2016, the statutory deadline for Defendant Gallegos to consent to removal would have been November 26, 2016. No independent or unambiguous consent to removal by Defendant Gallegos appears on the docket prior to this date. Accordingly, the Notice of Removal was procedurally deficient before Mr. Macke's appearance on behalf of Defendant Gallegos.

Second, even setting aside the timeliness issue, once Mr. Macke entered an appearance on behalf of Defendant Gallegos, he did not file a notice of consent nor seek to amend the notice of removal. *See Tresco, Inc. v. Continental Cas. Co.*, 727 F.Supp.2d 1243, 1251 (D.N.M. 2010) (discussing amendments to the notice of removal); *but see Brady*, 504 F.Supp. at 1174 (indicating that attempting to cure a deficient notice of removal must occur within the thirty day statutory period); *State Farm*, 728 F.Supp.2d at 1277-78 (rejecting the defendants attempt to amend the notice of removal after they failed to comply with the rule of unanimity). Indeed, even after Plaintiff contended that removal in this case was procedurally deficient, Defendants took none of these actions and summarily argued in their response to Plaintiff's Motion to

Remand that Mr. Macke had entered an appearance on behalf of Defendant Gallegos and filed an amended answer. However, Defendants filing of an amended answer does not remedy Defendant Gallegos' lack of an affirmative consent to removal. The amended answer does not contain an affirmative consent to removal by Defendant Gallegos and the filing of an answer itself is insufficient. *See Landman v. Borough of Bristol*, 896 F.Supp. 406, 409 (E.D. Penn. 1995) ("[A] party's filing of an answer does not satisfy the unambiguous expression of consent required for proper removal"); *Henderson*, 920 F.Supp. at 1187 ([The defendant's] answer does say that he consents to removal, and the court does not infer consent from the mere fact that he filed his answer in federal court."). Furthermore, while there is support for the notion that defendants represented by same counsel need not file separate consents to removal, *See Vasquez*, 536 F.Supp.2d at 1257 n.2, Mr. Macke did not represent Defendant Gallegos until after the deadline had passed. Thus, for all intents and purposes, Defendant Gallegos was unrepresented at the time the deadline to consent passed and his failure to independently consent rendered the notice of removal procedurally deficient.

In so concluding, the Court is aware of the decision in *Tresco, Inc. v. Continental Cas. Co.*, 727 F.Supp.2d 1243 (D.N.M. 2010). In *Tresco*, the court concluded that independent written consent for removal was not necessary where the notice of removal contained an averment that the attorney for the removing party had conferred with his co-defendant's counsel and obtained consent to the removal. *Id.* at 1255. In concluding that the co-defendant was neither required to sign the notice of removal or file a separate written consent to removal, the court recognized that its decision "may be contrary to the weight of authority on this subject." *Id.* at 1255. Nevertheless, the court departed from the "independent and unambiguous" standard and concluded that the averment in the notice of removal was sufficient. Despite this split of

7

authority, the Court need not decide between following *Tresco* or the majority. Even under *Tresco*'s more lenient standard, the Notice of Removal fails because it does not specify that Mr. Macke conferred with Defendant Gallegos and obtained his consent, as was the case in *Tresco*. Stated another way, the Court does not construe the representation in the Notice of Removal that "all defendants who have been served consent to removal" as an affirmative representation of Defendant Gallegos' consent to removal absent an averment that counsel had conferred with Defendant Gallegos.[2] *See Henderson*, 920 F.Supp. at 1187 ("It is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to removal."); *Brady*, 504 F.Supp.2d at 1173 ("When fewer than all of the defendants have joined in a removal action, the removing party has the burden under 28 U.S.C. § 1446 to explain affirmatively the absence of any co-defendants in the notice of removal.").

In sum, while the Court understands that at first blush the Court's decision seems to turn on a mere technicality, "[o]ur jurisprudence has long held that the procedural requirements for removal are to be 'strictly enforced' and that 'all doubts are to be resolved against removal.'" *State Farm*, 728 F.Supp.2d at 1276; *see also Jarvis*, 874 F.Supp. at 1255 ("The court's view is consistent with the general principle of strictly construing the removal statutes and resolving any doubt in favor of remand."). "By equivocating on unanimity, courts ignore [the presumption against removal] and inject uncertainty into an otherwise clear rule." *State Farm*, 728 F.Supp.2d at 1276. It was Defendants' burden to ensure that they properly complied with the removal procedures. *See Vasquez*, 536 F.Supp.2d at 1257 ("The removing party has the burden to show that removal was properly accomplished." (internal quotation mark and citation omitted)). In

---

[2] The Court clarifies that although this representation is insufficient to constitute consent to removal, the Court rejects Plaintiff's assertions that the representation constitutes a violation of Fed.R.Civ.P. 11. *See* Doc. 21 at 5. The Court does not infer any bad faith on the part of Mr. Macke in making this representation.

this case, they did not. *See Tresco, Inc.*, 727 F.Supp.2d at 1248 ("Remand is required if all of the defendants fail to consent to the petition for removal within thirty days of being served.").

**CONCLUSION**

Based on the foregoing, the Court concludes that Defendant Gallegos failed to timely give consent to removal and that the removal was therefore procedurally deficient. Accordingly, Plaintiff's Motion to Remand (Doc. 15) is GRANTED and this case is remanded to the Thirteenth Judicial District Court of the State of New Mexico.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
Sitting by Consent